**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Indoor Football LLC, | No. CV-24-00086-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| FBG Enterprises Opco LLC, | |
| Defendant. | |

On February 14, 2024, Plaintiff filed a Verified Complaint (Doc. 1) and, on February 15, 2024, Plaintiff filed a Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2). The Verified Complaint details a falling out between the parties in the process of appealing a denial of their joint application ("Application") for an Event Wagering Operator License through the Arizona Department of Gaming ("ADG"). (*See generally* Doc. 1.) The TRO Motion requests an order restraining and enjoining Defendant from: (1) seeking ADG approval of the withdrawal of the parties' Application; and (2) applying for an Event Wagering Operator License with any other entity or individual during the recently announced license application period which will open from February 16, 2024 to March 4, 2024 or any subsequent application period announced by ADG during the pendency of this matter. (Doc. 2 at 1.) Plaintiff also requested an expedited hearing for today in the TRO Motion. (*Id.* at 2.)

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders.

Under Rule 65, the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" two conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The Court cannot grant the TRO Motion without sufficient notice unless Plaintiff provides specific evidence that immediate and irreparable harm will result *before Defendants can be heard*. *See id.*; *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (holding that temporary restraining order was improperly granted without sufficient notice and that granting "ex parte orders without notice . . . would essentially gut Rule 65's notice requirements").

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting a "substantially identical" analysis applies to temporary restraining orders and preliminary injunctions).  A court may grant such relief only if Plaintiff has shown (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted).  Under this "serious questions" variant of the Winter test, "[t]he elements ... must be balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).  The Court should not grant a TRO "unless the movant, by a clear

1    showing, carries the burden of persuasion." *Id.* Moreover, a temporary restraining order

2    is distinguished by its "underlying purpose of preserving the status quo and preventing

3    irreparable harm *just so long as is necessary to hold a hearing, and no longer*." *Granny*

4    *Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415

5    U.S. 423, 439 (1974) (emphasis added); *see also* Fed. R. Civ. P. 65(b) (limiting temporary

6    restraining orders to 14 days unless extended for good cause and providing for expedited

7    hearings on preliminary injunctions).

8         From the record, it is clear Plaintiff knew of the alleged improper behavior it seeks

9    to restrain well before it filed the TRO Motion. On January 16, 2024, Defendant notified

10   Plaintiff via telephone it planned on "withdrawing its appeal in the current matter so that it

11   may apply for licensure with a tribe." (Doc. 2 ¶ 64.) Then, on January 17, 2024, at 7:59

12   p.m., "Fanatics, through its counsel at Snell & Wilmer, filed a motion to withdrawal its

13   appeal in the Office of Administrative Hearings." (*Id.* ¶ 69.) Yet Plaintiff's counsel did

14   not file a TRO Motion until February 15, 2024, noticing the matter for hearing the same

15   day. Moreover, Plaintiff reasonably should have known the exact date when the ADG

16   would consider new applications—February 16, 2024—approximately a month ago but

17   waited until the eleventh hour to file the instant TRO Motion.

18        Aside from the problematic timing detailed above, the Court finds notice to

19   Defendant is deficient. The TRO Motion included the following statement: "I, Eric P.

20   O'Connor, counsel for Plaintiff, hereby certify that . . . [t]his document is being sent by e-

21   mail and will be sent by courier to the last known counsel for the Defendant at the addresses

22   below." (Doc. 2 at 3.) Plaintiff's counsel then listed information, including a mailing

23   address and email, for an attorney named Adam Berger at Duane Morris LLP in

24   Philadelphia, PA. (*Id.*) To the extent Plaintiff's counsel attempted to achieve notice by

25   emailing the TRO Motion to Mr. Berger, the Court finds this notice deficient. The Court's

26   staff called Mr. Berger around noon on February 15, 2024, and he indicated he was unaware

27   of the TRO Motion. Then, around 1 p.m. on February 15, 2024, another attorney, Michael

28   Farrell, called the Court's staff and stated he was Defendant's counsel. Mr. Farrell

1    indicated he and his client were unaware of the TRO Motion until Mr. Berger contacted

2    him.   This attempt at notice belies Plaintiff's claim of an immediate irreparable harm

3    because Plaintiff created the so-called emergency by its delay.  Without adequate notice,

4    Plaintiff's attorney would need to certify "in writing any efforts made to give notice and

5    the reasons why it should not be required."  *See* Fed. R. Civ. P. 65(b) (1)(B).  This was not

6    done so here.

7         Even if the Court were to determine this attempt at notice were sufficient, the

8    Verified Complaint and Declaration do not appear to establish irreparable harm.  As for the

9    harm from Defendant's alleged unilateral withdrawal from the licensing application, the

10   Court finds a TRO could not prevent this harm at all.   Based on the Plaintiff's own

11   allegations, Defendant has already attempted to withdraw from the license appeal as of

12   mid-January.  (Doc. 1 ¶¶ 61, 66; Doc. 2 ¶ 69.)  The Court's TRO cannot become retroactive

13   and mitigate harms Plaintiff already suffered by Defendant's past actions. As for the harm

14   from Defendant's alleged new contract with a tribe and intent to apply for a license with

15   them on February 16, 2024, the Court finds this harm will not be realized *until the license

16   is granted*.  ADG's upcoming application period ends on March 4, 2024.  (Doc. 2-1 at 2.)

17   So, the licenses can be granted no earlier than March 5, 2024.  Therefore, even assuming

18   Defendant's new license application is successful, which the Court is without information

19   to assess at this point, no irreparable harm will result until at least next month.

20        Accordingly, the TRO Motion and request for an expedited hearing will be denied

21   without prejudice.  To be clear, the Court intends to give this matter expedited

22   consideration.  If Plaintiff files another motion, the Court may hold a status conference to

23   solicit the parties' input on how to proceed.

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

1       **IT IS ORDERED** the Motion for Temporary Restraining Order (Doc. 2) is

2   **DENIED** without prejudice. Plaintiff may file either a subsequent TRO or preliminary

3   injunction so long as it follows the requirements of Rule 65.

4       Dated this 15th day of February, 2024.

5

6

7

8                                   Honorable Scott H. Rash
                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28